IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL BOYLE, | Civ. No. 6:22-cv-01361-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DESCHUTES COUNTY SHERIFF L. SHANE NELSON; MICHAEL HUDSON; JAYSON JANES; CHAD DAVIS; THOMAS LILIENTHAL; BRYAN MORRIS; LIAM KLATT; DESCHUTES COUNTY, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a series of non-dispositive motions filed by self-represented Plaintiff Michael Boyle relating to a request to have his requests for admission to Defendants deemed admitted. ECF Nos. 69, 70, 79, 98. Plaintiff has filed a motion concerning the admissibility of grand jury materials in his possession. ECF No. 80. Plaintiff has also filed a motion for stay, requesting that the case be stayed until the Court rules on his requests to have evidence deemed admitted. ECF. No. 96. Plaintiff also moves the Court to deny Defendants' pending motion for summary judgment. ECF No. 93.

## DISCUSSION

I. **Motions Concerning Evidence Plaintiff Seeks to Have Deemed Admitted**

A. **Hudson RFA**

Plaintiff's Motions filed at ECF No. 69 and ECF No. 98 seek to have Plaintiff's Requests for Admission ("RFA") directed at Defendant Michael Hudson deemed admitted on the basis that Defendants did not provide timely responses.

Plaintiff emailed his first RFA directed at Hudson to Defendants' counsel on March 8, 2023. Laherty Decl. ¶ 2. ECF No. 76. The First Hudson RFA were sent in PDF format and sought responses to 220 questions. *Id.* The First Hudson RFA were only served on Defendants' counsel by email. *Id.* On April 1, 2023, Defendants sought an extension of time, pending the Court's resolution of Defendants' request for a stay pending resolution of Plaintiff's criminal charges. Both the extension and subsequently the request for stay were granted. ECF No. 62. The stay lasted until February 5, 2023. Laherty Decl. ¶ 5. On March 20, 2024, Plaintiff served a Revised Hudson RFA on Defendants' counsel by email as a PDF. *Id.* at ¶ 7. The Revised Hudson RFA was "substantively identical" to the First Hudson RFA and contained 181 separate requests. *Id.* On April 1, 2024, Defendants' counsel sent Plaintiff objections to the Hudson RFAs, both as to their scope and their format and requested a final version of the RFA designated as a service copy. *Id.* at ¶ 8. Plaintiff did not provide a service copy. *Id.*

In an email exchange on April 22, 2024, the parties agreed that Defendants would provide responses to all outstanding discovery by May 10, 2024. Laherty Decl. ¶ 9; Ex. F. Laherty provides responses to the Hudson RFA on May 8, 2024, prior to May 10, 2024. Laherty Decl. ¶ 18; Exs. H, I.

Under Federal Rule of Civil Procedure 36(a)(3), a matter is deemed admitted unless the party to whom the request is directed responds or objects within thirty days. This time may be expanded by agreement between the parties or by order of the court. *Id.*

Under Federal Rule of Civil Procedure 5, service may be done by electronic means, such as email, provided the party to be served consented to email service in writing. Fed. R. Civ. P. 5(b)(2)(E). Local Rule 5-9(a) and (b) provide that when RFA are served electronically pursuant to Rule 5, they must also be served in a word processing format agreed upon by the parties.

Here, there is no indication that Defendants consented in writing to service of the RFA by email, other than Defendants request for a service copy of a final Hudson RFA. In addition, the RFA were sent in PDF format, rather than in a word processing format agreed upon by the parties. Upon review of the record, the Court concludes that the Hudson RFA were not properly served for purposes of Federal Rule of Civil Procedure 5 or Local Rule 5-9.

Even if service of the RFA had been completed properly, the record demonstrates that the parties agreed to a deadline of May 10, 2024. As noted, Rule 36 permits the parties to extend the time for responses by agreement. The record

also demonstrates that Defendants provided responses by May 8, 2024, prior to the agreed-upon deadline.

Because the Hudson RFA were not properly served and because responses were served on Plaintiff ahead of the parties' agreed-upon due date, the Court concludes that the responses are not deemed admitted. Plaintiffs' Motions ECF No. 69 and 98 are therefore denied.

### B. Davis RFA

Plaintiff's Motion filed at ECF No. 70 seeks to have Plaintiff's Requests for Admission directed at Defendant Chad Davis deemed admitted on the basis that Defendants did not provide timely responses.

On April 3, 2024, Plaintiff sent RFA directed at Chad Davis to Defendants' counsel by email and in PDF format. Second Laherty Decl. ¶ 2. ECF No. 73. The Davis RFA contained 143 separate requests. *Id.* Defendants did not consent to service by email or to the PDF format. *Id.* at ¶ 9. As with the Hudson RFAs, the parties agreed that Defendants would provide their responses by May 10, 2024. Second Laherty Decl. ¶ 4; Ex. C. A response to the Davis RFA was provided on May 8, 2024, ahead of the agreed-upon deadline of May 10, 2024. Second Laherty Decl. Ex. E. In that response, a scrivener's error incorrectly identified the person providing the response. Davis affirms in his declaration that he personally reviewed and provided the responses to each of the 143 separate requests and that the inclusion of the incorrect name was a clerical error in the written response. Davis Decl. ¶¶ 2-3. ECF No. 74.

Here, the Court concludes that service of the Davis RFA on Defendants was improper for the same reason as the Hudson RFA—they were provided solely by email without written consent of Defendants and they were provided in PDF format, rather than in an agreed-upon word processing format as required by Rule 5 and Local Rule 5-9. Even if the RFA had been properly served, Defendants provided responses ahead of the agreed-upon deadline. The requests will not be deemed admitted and Plaintiff's Motion, ECF No. 70, will be denied.

**C. Motion for Reconsideration**

In his Motion at ECF No. 79, Plaintiff seeks reconsideration of the Court's Order of April 5, 2023, ECF No. 54, granting Defendants' motion for extension of time to respond to RFA.

Under Federal Rule of Civil Procedure 60, a court may relieve a party of an order or judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) if the judgment is void; (5) if the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Here, Plaintiff accuses Defendants' counsel of bad faith and of making misrepresentations to the Court, which makes this a motion brought under Rule 60(b)(3).

A motion brought under Rule 60(b) must be brought "within a reasonable time," and a motion under Rule (b)(3) must be brought within one year of the date of the entry of the order the moving party seeks to set aside. Fed. R. Civ. P. 60(c). Here,

Plaintiff brought his motion more than one year after the order Plaintiff seeks to have rescinded. Plaintiff's Motion is therefore untimely and will be denied.

As a consequence of the Court's rulings on the motions related to the requests for admission, Plaintiff's motion for stay, ECF No. 96, is denied as moot, except to the extent that the Court will grant some additional time for Plaintiff to respond to Defendants' Motion for Summary Judgment.

## II.  Motion Concerning Grand Jury Evidence

In his criminal trial, Plaintiff represented himself. As a self-represented criminal defendant, Plaintiff was given access to grand jury materials. Defendants represent that, at the conclusion of the criminal trial, Plaintiff was directed to destroy the grand jury material in his possession. Third Laherty Decl. ¶ 6; Exs. E, F. ECF No. 83. Plaintiff asserts that he is now in possession of grand jury materials which he claims were leaked to him by a third party, but Plaintiff is evasive in his pleadings concerning who gave him these materials. Defendants have not had an opportunity to review the grand jury materials and have raised the concern that, rather than being leaked by a third party, the grand jury materials were improperly retained by Plaintiff contrary to the state court judge's order.

To resolve this issue, the Court directs Plaintiff to file a declaration, under penalty of perjury, stating how he came to be in possession of the grand jury materials he now seeks to offer. Plaintiff is then to furnish those grand jury materials to Defendants. Defendants will be afforded the opportunity to file objections to the use

or admissibility of those materials in this litigation and Plaintiff will be given the opportunity to respond to any objection raised by Defendants.

## CONCLUSION

Plaintiff's motions requesting that evidence be deemed admitted, ECF Nos. 69, 70, and 98, are DENIED. Plaintiff's Motion for Reconsideration, ECF No. 79, is DENIED. As a consequence of the Court's ruling on the motion to have exhibits deemed admitted, Plaintiff's Motion for Stay, ECF No. 96, is denied as MOOT.

Plaintiff's Motion for Hearing, ECF No. 80, concerning the grand jury materials is DENIED with leave to refile. Within seven (7) days of the date of this Order, Plaintiff is to file a declaration made under penalty of perjury attesting to the origin of grand jury materials in his possession. Defendants shall have seven (7) days from the date of that filing in which to make any objections. Plaintiff shall have seven (7) days from the date of any objections in which to file a response to those objections.

Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment, ECF No. 93, is DENIED. Plaintiff shall have fourteen (14) days from the date of this Order in which to respond to Defendants' Motion for Summary Judgment. ECF No. 86.

It is so ORDERED and DATED this   10th   day of September 2024.

                                       /s/Ann Aiken
                                       ANN AIKEN
                                       United States District Judge