IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL BOYLE, | Civ. No. 6:22-cv-01361-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DESCHUTES COUNTY SHERIFF L. SHANE NELSON; MICHAEL HUDSON; JAYSON JANES; CHAD DAVIS; THOMAS LILIENTHAL; BRYAN MORRIS; LIAM KLATT; DESCHUTES COUNTY, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion for Summary Judgment filed by Defendants. ECF No. 86. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the Motion is GRANTED.

**LEGAL STANDARDS**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

Plaintiff Michael Boyle was the "owner and operator of a commercial venue" called "Hop in the Spa," which advertised itself as "America's First Beer Spa." Second Am. Compl. ("SAC") ¶ 9. ECF No. 22.

Individual Defendants Sheriff L. Shane Nelson, Michael Hudson, Jayson Janes, Chad Davis, Thomas Lilienthal, Bryan Morris, Liam Klatt are all employees

of the Deschutes County Sheriff's Office ("DCSO") and, by extension, of Defendant Deschutes County. Laherty Decl. ¶ 2. ECF No. 87.

On June 30, 2021, Deputy Hudson applied for a search warrant from the Deschutes County Circuit Court (the "First Search Warrant") for Hop in the Spa to seek evidence of the crime of Practice of Massage Without License, a violation of ORS 687.021. Hudson Decl. ¶ 2; Ex. 1. In the supporting affidavit, Hudson indicated that he believed there was probable cause to believe Plaintiff was "furnishing illegal massages without possessing a massage license," in violation of ORS 687.021, and that Plaintiff was "recording these illegal massages in some way, either audio or visually." *Id.* The First Search Warrant was sought for the purpose of locating and seizing any recording equipment and/or data storage devices that might contain recordings of illegal massages. *Id.* Hudson was the only one who prepared an affidavit in support of the First Search Warrant. *Id.* at ¶ 8.

The circuit court issued the First Search Warrant on June 30, 2021. Hudson Decl. ¶ 3; Ex. 2. The First Search Warrant authorized DCSO to seize "digital devices capable of storing user data . . . which are in the possession or and/or accessible to Michael Patrick Boyle (DOB 5/22/1961)," and "cameras, microphones, recording devices and audio/video recordings related to Hop in Spa's business operations." Hudson Decl. Ex. 2, at 2. The search warrant was executed on the same day and recording devices were seized. Hudson Decl. ¶ 4.

On July 7, 2021, Hudson sought a second search warrant from the Deschutes County Circuit Court requesting authorization to conduct a forensic analysis of

electronic devices that had been seized during the June 30, 2021, search of Hop in Spa (the "Second Search Warrant"). Hudson Decl. ¶ 4. In his affidavit in support of the Second Search Warrant, Hudson indicated that he believed "there exists probable cause that recordings of illegal massages, both audio and video, performed by Boyle, will be found inside the digital devices listed in this affidavit." Hudson Decl. ¶ 4; Ex. 3. Hudson "also believed evidence of the crime of 'Practice of Massage Without a License Prohibited, ORS 687.021' would be located in the items [he] withed DCSO to forensically analyze." Hudson Decl. ¶ 4. Hudson was the only one to prepare an affidavit in support of the Second Search Warrant. *Id.* at ¶ 8. The circuit court issued the Second Search Warrant on July 7, 2021. Hudson Decl. ¶ 5; Ex. 4.

On July 30, 2021, Plaintiff made a complaint to DCSO regarding alleged damage deputies had caused while conducting the search of Hop in the Spa. Laherty Decl. ¶ 3. DCSO conducted an investigation into the complaint, which included a visit to the Hop in the Spa premises by a DCSO deputy on August 5, 2021. *Id.* DCSO ultimately determined that Plaintiff's complaint was unfounded. Laherty Decl. ¶ 3; Ex. 1.

Between July and October 2021, DCSO Digital Forensics Unit performed a forensic analysis pursuant to the Second Search Warrant and the forensic examiners prepared a written report of their findings on October 5, 2021. Hudson Decl. ¶ 6; Ex. 5; Lilienthal Decl. ¶ 2; Ex. 1. "This analysis did not disclose material evidence used in the indictment or prosecution of Plaintiff." Hudson Decl. ¶ 6.

In September 2021, Hudson was called as a witness before a grand jury in Deschutes County Circuit Court in criminal case No. 21CR43497. Hudson Decl. ¶ 9. Hudson testified to the grand jury concerning his investigation of Plaintiff. *Id.* Hudson affirms that he was the only DCSO employee and the only Defendant who testified before the grand jury. *Id.*

In September 2021, the grand jury indicted Plaintiff on twenty-one counts, including eight counts of Practicing Massage Without a License in violation ORS 687.021. Hudson Decl. ¶ 10; Laherty Decl. ¶ 4; Ex. 2. Three of these criminal counts related to Plaintiff's practice of massage on witnesses whose statements were included in the search warrant affidavits. Hudson Decl. ¶ 10.

On November 8, 2021, the circuit court ordered that the file containing the First and Second Search Warrants, their supporting affidavits, and their returns be unsealed for the purpose of providing copies to Plaintiff. Laherty Decl. ¶ 5; Exs. 3, 4.

This federal civil action was filed on September 9, 2022. ECF No. 1. At the time, the criminal charges against Plaintiff remained pending. On June 6, 2023, the Court stayed the proceedings during the pendency of the criminal charges. ECF No. 62.

In January 2024, Plaintiff entered an *Alford* plea[1] and was convicted of six counts of the indictment, including three counts of Practicing Massage Without a License in violation of ORS 687.021. Laherty Decl. Ex. 5.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Upon Plaintiff's conviction, this Court lifted the stay. ECF No. 64. Defendants' Motion for Summary Judgment followed.

## DISCUSSION

Plaintiff brings claims for (1) intentional use of perjured testimony in violation of the Fourteenth Amendment (First Claim); (2) fabrication of false evidence in violation of the Fourteenth Amendment (Second Claim); (3) intentional use of perjured testimony in violation of the Fourteenth Amendment (Third Claim); (4) conspiracy to violate Plaintiff's constitutional rights in violation of the Fourteenth Amendment (Fourth Claim); (5) a state law claim for intentional infliction of emotional distress (Fifth Claim); (6) a state law claim for intentional interference in economic relations (Sixth Claim); and (7) a state law claim for vandalism (Seventh Claim).

Plaintiff has filed a Motion to Withdraw State Law Claims Without Prejudice, ECF No. 117. In the motion, Plaintiff seeks to withdraw Claims Five, Six, and Seven pursuant to Federal Rule of Civil Procedure 41(a). Defendants have not objected to the motion. The Court will therefore GRANT Plaintiff's Motion to Withdraw State Law Claims and will dismiss Plaintiff's Fifth, Sixth, and Seventh Claims.

Plaintiff's First, Second, Third, and Fourth Claims are brought pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under §

1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Defendants move for summary judgment as to all claims.

## I.     Intentional Use of Perjured Testimony

Plaintiff's First Claim alleges that Defendants "in pursuit of a search warrant, presented testimony known . . . to be false, perjurious, incomplete, and lacking in probable cause, to a Circuit Court Judge of the State of Oregon." SAC ¶ 92.[2] Plaintiff alleges that Defendant Nelson "and/or" Defendant Hudson "drafted and swore out a warrant affidavit for Plaintiff's business, knowing that the warrant would be executed" and "knowing at the time that the affidavit contained false and misleading statements, omitted material information, relied on false information, and was not supported by probable cause." *Id.* at ¶ 95. Plaintiff alleges that the false testimony "was the primary moving force causing the Court to issue the search warrant against Plaintiff's business premises." *Id.* at ¶ 94.

To sustain a claim for judicial deception, a plaintiff must (1) "make a substantial showing of the officers' deliberate falsehood or reckless disregard for the truth," and (2) "establish that, but for the dishonesty, the searches and arrest would not have occurred." *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011)

---

[2] The SAC is misnumbered. The factual allegations end at SAC ¶ 151 but revert to SAC ¶ 92 when reciting Plaintiff's claims. The quoted paragraph, which is located between paragraphs 92 and 93 is identified as paragraph "9." To prevent confusion with the actual SAC paragraph 9, the Court will identify this paragraph as part of the preceding paragraph 92.

Page 7 –OPINION & ORDER

(internal quotation marks and citation omitted, alterations normalized). In other words, a plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (internal quotation marks and citation omitted). Courts "review the issuance of a search warrant deferentially, upholding it if the issuing judge had a substantial basis for concluding that probable cause existed based on the totality of the circumstances." *Id.* (internal quotation marks and citations omitted, alterations normalized). "Probable cause requires only a fair probability or substantial chance of criminal activity." *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002). "Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978). "Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received." *Ewing*, 588 F.3d at 1224.

"If a party makes a substantial showing of deception, the court must determine the materiality of the allegedly false statements or omissions." *Ewing*, 588 F.3d at 1224. "If an officer submitted false statements, the court purges those statements and determines whether what is left justifies the issuance of a warrant," and "[i]f the officer omitted facts required to precent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id.*

In his Response to Defendants' motion, Plaintiff asserts that the warrant affidavit was false and/or misleading because the affidavit doesn't say that Plaintiff received compensation for performing the massages. The Court notes that there were two search warrants here and Plaintiff does not identify which warrant is being referenced in his pleadings or in his Response. The Court will therefore consider the affidavits prepared in support of the First and Second Search Warrants. Hudson Decl. Exs. 1, 3.

As previously noted, the affidavit for the First Search Warrant sought evidence of the crime of Practice of Massage Without License in violation of ORS 687.021. The affidavit also notes that the prohibitions of ORS 687.021 do not apply to "Practitioners of reflexology who do not claim expressly or implicitly to be massage therapists and who limit their work to the practice of reflexology through the application of pressure with the thumbs to reflex points on the feet, hands and ears for the purpose of bringing the body into balance, thereby promoting the well-being of clients." ORS 687.031(i).

"Probable cause does not require the same type of specific evidence of each element of the offense of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972); *see also United States v. Noster*, 590 F.3d 624, 629 (9th Cir. 2009) ("Probable cause does not require proof beyond a reasonable doubt of every element of a crime."). In addition, the finding of probable cause for a warrant is a "commonsense, practical question," in which the issuing magistrate may make "reasonable inferences." *United States v. Kelley*, 482 F.3d

1047, 1050 (9th Cir. 2007). "Neither certainty nor a preponderance of the evidence is required," and the judge's determination of probable cause "should be paid great deference." *Id*.

Here, the affidavits for the First and Second Search Warrant include statements from Plaintiff's customers based on Hudson's interviews. Hudson Decl. Ex. 1, at 19-20; Ex. 3, at 21-22. These individuals are referred to as "spa customers" to whom Plaintiff "promoted, offered and conducted reflexology of the hands and feet in his reflexology/sensory room," which was only offered to women. Hudson Decl. Ex. 1, at 19; Ex. 3, at 22. In the affidavits, Hudson wrote that Plaintiff "also stated to the women I interviewed in this case that he was not a licensed massage therapist and because of that, he stated to the women he could only touch their hands and feet." Hudson Decl. Ex. 1, at 19; Ex. 3, at 22. However, the women interviewed reported that when they went into the reflexology/sensory room, Plaintiff massaged them on other areas of their bodies. Hudson Decl. Ex. 1, at 20; Ex. 3, at 22-23 (witness described being massaged on her "legs up to her buttocks and down into her inner thighs," and "up her legs and down onto her inner thighs next to her crotch," and "on her breasts over her bikini."). Another witness was offered "an extended Valentine's Day hands and feet reflexology special session for women only as part of their package." Hudson Decl. Ex. 1, at 21; Ex. 3, at 23. The witness "agreed to the special" and during the massage Plaintiff rubbed her legs, applied a "grayish mineral substance mixed with water on her feet and legs and used an unopened beer can to roll it up and down her legs." Hudson Decl. Ex. 1, at

21; Ex. 3, at 23. Plaintiff also "rubbed his hands over her shoulders and down onto her upper chest." Hudson Decl. Ex. 1, at 21; Ex. 3, at 23-24. A third witness reported that Plaintiff "had her go to the reflexology room," where he "rubbed her legs to the top portion of her thighs just above her knees." Hudson Decl. Ex. 21-22; Ex. 3, at 24. Plaintiff later admitted to Hudson that he made audio and video recordings while doing business. Hudson Decl. Ex. 3, at 31.

Based on these facts, Hudson believed that Plaintiff had exceeded the bounds of the reflexology exception in ORS 687.031(i) and had violated ORS 687.021. Hudson also believed, based on statements from the women he interviewed, that the illegal massages had been recorded. Hudson Decl. Ex. 1, at 23.

The contents of the affidavits support a reasonable inference that Plaintiff received compensation for the illegal massages because Plaintiff "offered" the massages to "customers" of the spa, including as part of a special package. No reasonable jury could conclude that the affidavits failed to address the issue of compensation.[3] The Court concludes Defendants are entitled to summary judgment on Plaintiff's claim for judicial deception in the search warrant affidavits.

## II. Fabrication of False Evidence

In his Second Claim, Plaintiff alleges that Defendants fabricated evidence against him, "which each knew to be false in the investigation of Plaintiff," and

---

[3] Plaintiff also appears to argue that his conviction is invalid. Pl. Resp. at 7 ("Without proof of compensation no crime has been committed."). As noted, Plaintiff was convicted of Practicing Massage Without a License. Laherty Decl. Ex. 5. Consistent with the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), discussed in greater detail in the following sections, Plaintiff is prohibited from pursuing damages under § 1983 through a claim that would implicate the validity of his conviction.

concealed evidence "which tended to exonerate Plaintiff." SAC ¶¶ 100, 102. Plaintiff alleges that the fabrication of evidence "caused Plaintiff to suffer significant damages, including but not limited to his wrongful arrest, imprisonment, and trial." *Id.* at ¶ 109. As noted, Plaintiff pleaded guilty by *Alford* plea and was convicted and sentenced in his criminal prosecution.

Defendants move for summary judgment on this claim based on the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rules bars a § 1983 claim for damages that implicates the validity of a conviction or sentence unless the conviction or sentence has been invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Heck*, 512 U.S. at 487-88. The *Heck* rule provides that if a criminal conviction "arising out the same facts stands and is fundamentally inconsistent" with the allegedly unlawful behavior for which § 1983 damages are sought, "the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (internal quotation marks and citation omitted). A "judgment of conviction and resultant sentence" are the "sine qua non" of *Heck*. *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023); *see also Radwan v. Cnty. of Orange*, 519 Fed. App'x 490, 490-91 (9th Cir. 2013) (*Heck* applies "even where the plaintiff's prior convictions were the result of guilty or no contest pleas."); *Smothart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* applies to *Alford* pleas).

Here, Plaintiff's Second Claim is a facial attack on the validity of his conviction. This is impermissible under the *Heck* rule and Defendants are entitled to summary judgment on this claim.

### III. Intentional Use of Perjured Testimony

In his Third Claim, Plaintiff alleges that Defendant Nelson, through Defendant Hudson, "presented evidence known to him to be false, incomplete, and misleading to the Grand Jury of Deschutes County." SAC ¶ 114. Plaintiff alleges that this testimony "comprised a primary moving force, ultimately causing Plaintiff to be indicted by the Grand Jury." *Id.* at ¶ 116.

A grand jury witness, including a law enforcement witness, enjoys "absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). "[T]his rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.* Defendants are therefore absolutely immune from claims related to their testimony to the grand jury and Defendants are entitled to summary judgment on this claim.

### IV. Conspiracy to Violate Plaintiff's Constitutional Rights

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or a meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal quotation marks and citation omitted). Here, Plaintiff alleges that Defendants "entered into an active and ongoing conspiracy . . . with the intention of fabricating evidence against Plaintiff, in order to make it appear that Plaintiff had been guilty of crimes which he had not actually committed." SAC ¶ 121.

This claim, like Plaintiff's Second Claim, is a facial attack on the validity of his conviction. It is therefore barred by the *Heck* rule and Defendants are entitled to summary judgment on Plaintiff's Fourth Claim.

V.  **Plaintiff's Motions for Default and Defendants' Motion for Sanctions**

Plaintiff has filed a series of motions seeking default judgments against individual defendants. ECF Nos. 120, 121, 122, 126, 127, 128. These motions are frivolous—not only have the individual Defendants not been defaulted, they have long-since appeared in this case and filed an Answer, ECF No. 43, and a Motion for Summary Judgment, ECF No. 86. The Court concludes that Plaintiff brought these motions in bad faith. The Motions for Default Judgment are DENIED as frivolous.

Defendants have moved for sanctions pursuant to Federal Rule of Civil Procedure 11. RCF No. 135. Rule 11(b) governs representations to the Court and provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any party that has violated the rule. Fed. R. Civ. P. 11(c)(1). Rule 11 also provides a safe harbor in that a party may withdraw or correct the challenged filing within 21 days after service of a motion for sanction under Rule 11. Fed. R. Civ. P. 11(c)(2). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). If the sanction is imposed on a motion and "warranted for effective deterrence," it may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expense directly resulting from the violation." *Id.*

In this case, Plaintiff's Motions for Default assert that Plaintiff "just became aware of the fact that the Defendant needed to answer individually after a conversation with defense counsel John E. Laherty." *See, e.g.,* ECF No. 120. Mr. Laherty has submitted a Declaration in support of Defendants' Motion for Sanction in which he affirms that Plaintiff's claim to have discussed the need to answer individually is false and affirms that he has "never discussed the requirements for responsive pleading with Plaintiff." Laherty Decl. ¶ 4. ECF No. 136. In his

Response to the Motion for Sanctions, ECF No. 137, Plaintiff appears to concede that his motions contain false statements, which he characterizes as "misguided" and "based on faulty advice," but insists that his actions in this litigation have "generally" been in good faith. Plaintiff urges the Court to consider his pro se status and decline to impose sanctions.

As set forth above, the Court has already concluded that Plaintiff's motions were frivolous and that they were brought in bad faith. Plaintiff was served with Defendants' motion for sanctions by first class mail on November 4, 2024. ECF No. 135. The motion was filed more than twenty-one days later, on December 2, 2024. During the time between service of the motion for sanctions and the filing of the motion, Plaintiff did not attempt to withdraw or correct his motions for default. The Court concludes that sanctions are warranted pursuant to Rule 11(b). The Court will GRANT Defendants' Motion for Sanctions and will award Defendants sanctions in the amount of $500.00 as attorney fees for the resources Defendants expended responding to Plaintiff's frivolous filings.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Withdraw State Claims, ECF No. 117. Plaintiff's Fifth, Sixth, and Seventh Claims for Relief are dismissed.

The Court DENIES Plaintiff's Motions for Default Judgment, ECF Nos. 120, 121, 122, 126, 127, 128, finding that the motions are frivolous and brought in bad faith.

The Court will GRANT Defendants' Motion for Imposition of Sanctions, ECF No. 135, and awards Defendant attorney fee sanctions in the amount of $500.00 pursuant to Federal Rule 11(c).

The Court also GRANTS Defendants' Motion for Summary Judgment, ECF No. 86. Judgment is for Defendants and this case is DISMISSED. All other pending motions are DENIED as MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___23rd___ day of January 2025.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge