IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL BOYLE,

            Plaintiff,

v.

DESCHUTES COUNTY SHERIFF L. SHANE NELSON; MICHAEL HUDSON; JAYSON JANES; CHAD DAVIS; THOMAS LILIENTHAL; BRYAN MORRIS; LIAM KLATT; DESCHUTES COUNTY,

            Defendants.

Civ. No. 6:22-cv-01361-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion for Reconsideration filed by Plaintiff. ECF No. 151.

On July 1, 2024, Defendant in this case moved for summary judgment. ECF No. 86. On July 10, 2024, Plaintiff filed a "Motion to Deny Defendants Motion for Summary Judgment." ECF No. 93. On September 10, 2024, the Court denied Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment and ordered that Plaintiff file a response to Defendants' Summary Judgment motion by September 24, 2024. ECF No. 100. Plaintiff sought an extension of time to file his

Page 1 –OPINION & ORDER

response, which the Court granted on October 7, 2024. ECF No. 114. Plaintiff was ordered to file his response brief by October 15, 2024.

On October 15, 2024, Plaintiff filed an "Interim Motion for Summary Judgment Defendants to be dismissed." ECF No. 116. On October 21, 2024, Plaintiff filed a Response in Opposition to Motion for Summary Judgment. ECF No. 119. Although this response was untimely, the Court opted to give it substantive consideration in light of Plaintiff's self-represented status. On October 29, 2024, Defendants filed their reply brief. ECF No. 123. Plaintiff also filed a flurry of motions, including a series of motions for default judgment, ECF Nos. 120, 121, 122, 126, 127, 128, which the Court later determined to be both frivolous and in bad faith.

On January 23, 2025, the Court granted Defendants' Motion for Summary Judgment and entered judgment in favor of Defendants. ECF Nos. 149, 150.

On February 11, 2025, Plaintiff filed an "Emergency Motion for Reconsideration of Opinion and Order," arguing that the Court erred in granting summary judgment without considering Plaintiff's desire to submit an additional response to the motion for summary judgment or his medical records under seal.

Rule 60(b) of the Federal Rules of Civil Procedure governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) "fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party,"; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is not longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citations omitted). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted).

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[M]otions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original, internal quotation marks and citations

omitted). A motion for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court concludes that it did not err by declining to consider Plaintiff's efforts to file a *third* response to the motion for summary judgment, notwithstanding that the second response was filed beyond the time permitted by the Court's scheduling order. Plaintiff's motion for reconsideration, ECF No. 151, is DENIED.

It is so ORDERED and DATED this ___12th___ day of February 2025.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge