IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL BOYLE,

          Plaintiff,

  v.

DESCHUTES COUNTY SHERIFF L. SHANE NELSON; MICHAEL HUDSON; JAYSON JANES; CHAD DAVIS; THOMAS LILIENTHAL; BRYAN MORRIS; LIAM KLATT; DESCHUTES COUNTY,

          Defendants.

Civ. No. 6:22-cv-01361-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Plaintiff's Motion for Reconsideration, ECF No. 153, and Amended Motion for Reconsideration, ECF No. 154.

    As a preliminary matter, the Court notes that Plaintiff has already filed a motion for reconsideration, which the Court has denied. ECF Nos. 151, 152. Successive motions for reconsideration are improper. *See Faison v. Branstad*, Case No. 22-cv-1063-MMA (MSB), 2022 WL 13801071, at *1 (S.D. Cal. Oct. 20, 2022) ("Plaintiff cannot file successive motions for reconsideration and raise the same arguments *or those that could have been raised previously*." (emphasis added)); *United States v. Strain*, Case No. 3:97-cr-00004, 2019 WL 5399475, at *1 (D. Alaska Oct. 22, 2019) ("At the outset, the Court notes that there is nothing in the Federal Rules of

Civil Procedure or Local Rules of Civil Procedure that provides for multiple motions for reconsideration of an order."). The impropriety of Plaintiff's successive motions provides an additional basis for denial of Plaintiff's motions.

Additionally, Plaintiff did not comply with Local Rule 7-1. Plaintiff acknowledges that he did not confer on this motion, stating "Plaintiff has not complied with LR 7.1 as case is dismissed." Pl. Mot. 1. ECF No. 154. The fact that summary judgment has been granted in Defendants' favor does not excuse Plaintiff of the obligation to confer. "Except for motions for temporary restraining orders, the first paragraph of *every* motion must certify" that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so," or that the opposing party is willfully refusing to confer, unless the "moving party or opposing party is a prisoner not represented by counsel." Local Rule 7-1(a)(1) (emphasis added). "The Court may deny any motion that fails to meet this certification." Local Rule 7-1(a)(3). Plaintiff's acknowledged failure to confer supplies an independent basis for the denial of Plaintiff's motions.

Rule 60(b) of the Federal Rules of Civil Procedure governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,"; (4) if the

judgment is void; (5) if the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is not longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citations omitted). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted).

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[M]otions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original, internal quotation marks and citations omitted). A motion for reconsideration also "may not be used to raise arguments or

present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Although Plaintiff styles his motions as seeking reconsideration of the Court's decision on summary judgment, ECF No. 149, the substance of the motions seeks reconsideration of the Court's Opinion and Order of September 10, 2024, determining that Plaintiff's Requests for Admission were not deemed admitted. ECF No. 100. Despite Plaintiff's failure to confer and his filing of improper successive motions for reconsideration, the Court has reviewed Plaintiff's motions and found no cause to disturb its prior ruling concerning the requests for admission.

Plaintiff's Motions for Reconsideration, ECF Nos. 153, 154, are DENIED on their merits and for Plaintiff's admitted failure to confer as required by Local Rule 7-1. No further motions for reconsideration will be entertained in this case.

It is so ORDERED and DATED this ___18th___ day of February 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 4 –OPINION & ORDER